**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTINE MANSFIELD, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CAVALRY PORTFOLIO SERVICES, LLC, ) <br> ) <br> Defendant ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JUSTINE MANSFIELD ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAVALRY PORTFOLIO SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Hyannis, Massachusetts, 02601.

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a national debt collection company with corporate headquarters located at 7 Skyline Drive, Hawthorne, New York 10532.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning on or around April of 2010 and continuing through May of 2010, Defendant, its agents, employees, and servants, made repeated and continuous calls to Plaintiff's home telephone in an attempt to collect an alleged debt owed to Mobil Oil.

18. Plaintiff received phone calls from Defendant on a number of occasions from the following phone number: 888-716-0010. The undersigned has confirmed that the number belongs to Defendant.

19. Defendant demanded $1,200.00 from Plaintiff.

20. Plaintiff informed Defendant that she did not owe the debt, explaining the Mobil Oil account belonged to her deceased foster father, Mr. Lovel Ernst, and the account had been discharged in bankruptcy sometime in or around 1995.

21. Defendant insisted that Plaintiff's foster father was still living, which made Plaintiff upset, as her foster father passed away in 2003 and she had been close to him.

22. Defendant threatened Plaintiff that Mr. Ernst's debt would be reported on her credit report.

23. Defendant also made numerous demands for Plaintiff's address, which was not

provided.

24. Plaintiff thought about what she was told further and indicated that in her understanding the "statute of limitations was long up," to which Defendant threatened to "take the law into [its] own hands."

25. Plaintiff understood Defendant's comment as a threat, and coupled with Defendant's continued requests for Plaintiff to provide her address, she became scared that someone would come to her house and destroy her property or do physical harm to her. Plaintiff terminated the telephone call.

26. When Defendant next called, Plaintiff was told that Defendant would "continue to come after" her.

27. Plaintiff instructed Defendant to stop calling and instead take her to court because she was tired of the constant telephone calls.

28. To date, despite threats to the contrary, Defendant has not taken any legal action against Plaintiff as previously threatened.

29. After the initial contact with Defendant back in April of 2010, Plaintiff has still not received a letter notifying her of her rights and privileges under the law, specifically the right to dispute and/or request verification of the alleged debt.

30. Furthermore, the statue of limitations for open credit accounts in the Commonwealth of Massachusetts is six (6) years. *See M.G.L. Title V, Ch 260 § 2.*

31. Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had the wrong person, that Plaintiff owed no obligation for the alleged debt, and that the debt was so old that it was beyond the statute of limitations.

32. Defendant's actions in attempting to collect the alleged debt were harassing,

threatening, abusive, and deceptive.

## CONSTRUCTION OF APPLICABLE LAW

33.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

34.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

35.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less

experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

36. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(1) of the FDCPA by using or threatening the use of violence or other criminal means to harm the physical person, reputation, or property of any person;

    d. Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    f. Defendant violated §1692e(2) of the FDCPA by falsely representing the character, amount, or the legal status of any debt;

    g. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

      h. Defendant violated §1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is false or which should be known to be false;

      i. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

      j. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

      k. Defendant violated §1692f(1) collecting any amount not expressly authorized by the agreement creating the debt or permitted by law;

      l. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

      m. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JUSTINE MANSFIELD, respectfully pray for a judgment as follows:

      a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

      b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

1         d.     Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUSTINE MANSFIELD, demands a jury trial in this case.

                                          RESPECTFULLY SUBMITTED,

DATED: 3-4-11                        KIMMEL & SILVERMAN, P.C.

                                          By: /s/ Craig Thor Kimmel
                                          Craig Thor Kimmel
                                          Attorney ID # 662924
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT